IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

December 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| HARVEY STANLEY BURNS, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9612-CR-00515 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Deanna Bell Johnson
211 Third Avenue, North
Nashville, TN 37201

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
          and
Daryl J. Brand
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
          and
Jim Milam
Assistant District Attorney General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Harvey Stanley Burns, appeals as of right from the judgment of the Davidson County Criminal Court denying him post-conviction relief from his October 1995 conviction for the sale of cocaine, a Class C felony. The petitioner pled guilty pursuant to an agreement by which he was sentenced to ten years in the custody of the Department of Correction as a Range III, persistent offender. He contends that he received the ineffective assistance of counsel and that his sentence constitutes cruel and unusual punishment. We disagree.

The petitioner was represented by two assistant public defenders during his prosecution. At the post-conviction evidentiary hearing, the petitioner testified that his attorneys failed to submit his medical and psychiatric records to the court, which would show his drug abuse problem. He believed that the records would have led to a lesser sentence. He also stated that the attorneys did not investigate the case adequately and that they were prejudiced against him because of his prior record and the videotape that the police made of the transaction. The petitioner had prior convictions for six robberies, a voluntary manslaughter, and an aggravated assault.

The petitioner testified that he had been under a lot of pressure because his mother was ill and that the attorneys did not give him enough time to think about the plea offer. He admitted being aware of the terms of the plea the night before he pled guilty. Also, he claimed that one attorney incorrectly advised him that he would be eligible for parole after serving two years, including his sixteen months of pretrial jail credit. He acknowledged, though, that a parole hearing was scheduled for August 15, 1996.

2

One of the petitioner's attorneys testified. He said that they got the petitioner's medical records reviewed by experts, but the result was that the petitioner was deemed competent and sane. The records showed the petitioner to be marginally retarded and this was reported to the prosecutor during negotiations. The attorney stated that the petitioner had been offered seven years as a Range II, multiple offender, but he had refused to accept it in order that he could remain available at that time for his ailing mother. At one point, the state offered fifteen years, but the final offer was ten years. The attorney believed that the petitioner had been eligible for career offender status with a higher sentence exposure.

The attorneys reviewed the videotape with the petitioner. It showed the petitioner passing something to an undercover officer. Testing proved that the substance contained cocaine. The attorney testified that they interviewed the two officers involved in the case and reviewed the petitioner's former convictions to see if they all could count toward range enhancement. They could. Also, the attorney testified that he was present when his co-counsel explained to the petitioner that the petitioner might be eligible for parole within a year after his guilty plea.

The trial court concluded that the petitioner received the effective assistance of counsel, as to both the attorneys' performances and the lack of prejudice to the petitioner being shown. It also concluded that the petitioner knowingly and intelligently pled guilty, noting that he received the minimum sentence for the range that was used. The trial court made no specific ruling about the claim that the sentence was cruel and unusual punishment, but it dismissed the petition.

In a post-conviction case, the petitioner must prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-210(f). To establish counsel ineffectiveness, the petitioner must show that counsel's performance was deficient and

that the deficiency resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Relative to a claim that a guilty plea resulted from the ineffective assistance of counsel, the petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Relative to our review on appeal, the factual findings of the trial court are deemed conclusive unless the evidence of record preponderates against them. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

Although the trial court failed to make detailed findings of fact, it is apparent from its ruling that the attorney's testimony was accredited In any event, the record fails to show any prejudice had befallen the petitioner that would warrant relief. He had rejected a more lenient plea offer because of his own personal reasons. As the state points out, he could have been sentenced as a career offender, which would have required a fifteen-year sentence with release eligibility at sixty percent. See T.C.A. §§ 40-35-108(a) and (c), 40-35-501(f). There is no indication that presenting the medical records to the court would have made any difference. His sentence to the minimum of a lesser range reflects that the petitioner received effective representation.

As for the petitioner's complaint that his attorney advised him that he would be eligible for parole approximately eight months after he pled guilty, we note that the parole hearing was to occur approximately ten months after the plea. Moreover, the petitioner never asserted that such a small difference in time would have led him to insist upon going to trial. The record before us supports the trial court's conclusion that the petitioner received the effective assistance of counsel.

The petitioner contends that his ten-year sentence with a forty-five percent release eligibility date -- as required by the 1989 Sentencing Act for a Class C felon

who is a Range III, persistent offender -- constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article 1, Section 16 of the Tennessee Constitution. He provides neither authority for his position nor argument regarding how the sentence is improper. Although we deem this issue to be waived, we view it to be without merit, as well. See State v. Black, 815 S.W.2d 166, 189 (Tenn. 1991) (providing standard for determining propriety of punishment under Article I, Section 16 of Tennessee Constitution); Harmelin v. Michigan, 501 U.S. 957, 994-95, 111 S. Ct. 2680, 2701 (1991) (mandatory life sentence for possession of more than six hundred fifty grams of cocaine not cruel and unusual punishment); State v. Hinsley, 627 S.W.2d 351 (Tenn. 1982) (determinate sentence of not less than ten years nor more than life for habitual drug offender not cruel and unusual punishment); State v. Dock Battles, No. 02C01-9212-CR-00294, Shelby County (Tenn. Crim. App. Sept. 30, 1996), app. denied (Tenn. Jan. 27, 1997) (ten years for Range I, Class B cocaine felon with substantial record of prior criminal behavior and convictions not cruel and unusual punishment).

In consideration of the foregoing, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge

5