Vernon **COOPER**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Jan. 11, 1993.

William B. Mitchell Carter, and Karen Broadway Petosa, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, and James W. Milam, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Justice.

In this post-conviction proceeding the sole issue before this Court is whether the petitioner, Vernon Cooper, was denied his right under the United States Constitution to the effective assistance of counsel on direct appeal to this Court. After an evidentiary hearing, the trial court found no merit to the petitioner's claim. We affirm the judgment of the trial court.

### BACKGROUND

The petitioner was convicted in February 1985, for the first-degree murder of his estranged wife and sentenced to death by electrocution. The case was heard by this Court on direct appeal, and the conviction and sentence were affirmed.[1] Contained in our opinion was a brief synopsis of the facts:

> He shot his wife four times with a pump shotgun at her place of employment, a self-service gasoline station, at midday in the presence of numerous witnesses. He fled from the scene in his automobile and was apprehended only after a dangerous and high-speed pursuit through heavy traffic. His own testimony revealed that the homicide was the result of careful and deliberate planning on his part after having warned his estranged wife and her family of his intentions.

The same appointed counsel represented the petitioner at trial and on appeal. Two issues were raised for review by this Court in the direct appeal. The appeal centered on the argument that the evidence was not sufficient in the sentencing hearing to warrant the jury's finding of the statutory aggravating circumstance that "the murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind."[2] That was the only aggravating circumstance found by the jury to support imposition of the death penalty. After considering the record, this Court found the evidence clearly sufficient to warrant the jury's finding of both torture and depravity of mind beyond a reasonable doubt, and found that it outweighed the evidence of mitigating circumstances. The second issue on appeal was a challenge to the constitutionality of the death penalty itself. That issue was also decided adversely to the petitioner's position by this Court, which cited a number of previous Tennessee cases upholding the constitutionality of the death penalty.

The petitioner filed this post-conviction proceeding on July 17, 1987, alleging numerous grounds for relief including this claim that he was denied effective assistance of counsel on direct appeal in violation of his constitutional rights under *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). At the evidentiary hearing in the trial court, the petitioner's appellate counsel testified that his primary focus on appeal was the argument that the evidence was insufficient to support the aggravating circumstance found by the jury, that "the murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind."[3] He said that he considered that argument a strong one in light of favorable authority from other jurisdictions that involved the same aggravating circumstance and similar facts. In those cases, the other courts had held that the evidence did not warrant the jury's finding of the aggravating circumstance.

After the post-conviction evidentiary hearing, the trial court vacated the petition-

1. *State v. Cooper*, 718 S.W.2d 256 (Tenn.1986), *cert. denied*, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987).

2. Tenn.Code Ann. § 39-2-203(i)(5) (1982).

3. Tenn.Code Ann. § 39-2-203(i)(5) (1982).

er's death sentence on the ground of ineffective assistance of counsel at the trial level sentencing hearing. The trial court found that petitioner's defense counsel did not effectively prepare for the sentencing phase, failed to bring out petitioner's learning disabilities, prior psychiatric problems, and otherwise failed to develop appropriate mitigating circumstances. However, the trial judge denied relief on the petitioner's claim of ineffective assistance of counsel on direct appeal. Both the petitioner and the State appealed. The Court of Criminal Appeals affirmed the trial court's finding of ineffective assistance of counsel at the sentencing hearing, but transferred the case relative to the issue of effective assistance of counsel on direct appeal to this Court pursuant to Tenn.Code Ann. § 40–30–103(b)(1) (1990), which requires that a post-conviction claim of ineffective assistance of counsel on appeal "be heard and determined by ... the appellate judges who reviewed such conviction if ... available." Neither the petitioner nor the State have sought permission to appeal from the decision of the Court of Criminal Appeals that petitioner's death sentence should be vacated because of ineffective assistance of counsel at the sentencing hearing, or its decision as to any other issues involved in the appeal of the post-conviction proceeding.

As a result of the foregoing, the sole issue for determination in this Court, based upon the record of the trial court, is whether the petitioner received effective assistance of counsel on direct appeal. *State v. Clark*, 774 S.W.2d 634, 636 (Tenn.Crim. App.1989).

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ Procedurally, we agree with our intermediate appellate court's interpretation of Tenn.Code Ann. § 40–30–103(b)(1) (Supp.1988) that when ineffective assistance of appellate counsel is an issue in a post-conviction proceeding, it is first necessary for the trial court to conduct an evidentiary hearing in which it must make appropriate findings and determine the issue. Secondly, the panel of the original reviewing appellate court, if available, then

determines the merits of the issue based upon the record made in the trial court. *See State v. Clark*, 774 S.W.2d 634, 637 (Tenn.Crim.App.1989). Although the issue has not been heretofore raised, we also conclude that the scope of review in the appellate court should be that the findings of fact of the trial judge are conclusive on appeal unless the evidence preponderates against the judgment. *Butler v. State*, 789 S.W.2d 898, 899 (Tenn.1990).

As to the substantive issue of ineffective assistance of counsel on appeal, the United States Supreme Court in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal. Recognizing that a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all, the right to counsel on appeal was held to necessarily comprehend the right to effective assistance of counsel in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

■ The standard by which effective assistance of counsel is judged in Tennessee requires that the advice given or the services rendered be within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). Early on we recognized that it is not our function to "second guess" tactical and strategical choices pertaining to defense matters or measure a defense attorney's representation by "20–20 hindsight" when deciding the effectiveness of trial counsel. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn.1982). Those same principles apply as well when determining the effectiveness of appellate counsel. The test devised by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 688 (1984), and adopted by this Court in *Butler v. State*, 789 S.W.2d 898, 899 (Tenn.1990), avoids just such a backward looking approach. Under that test,

the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.... Unless the defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.*

The petitioner first contends that he was denied the effective assistance of counsel on appeal because the brief submitted in the direct appeal was prima facie inadequate in a death penalty case since it only addressed two issues and did not analyze those issues at sufficient length. No prejudice is alleged to have been suffered as a result of the alleged inadequacy. The petitioner argues, however, that a showing of prejudice is not necessary since he was, in effect, left without counsel, and that this case is therefore controlled by the Supreme Court holding in *Penson v. Olin,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

■ Contrary to petitioner's argument, there is no constitutional requirement that an attorney argue every issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 750–51, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 992–93 (1983). Further, experienced advocates have long "emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." *Jones,* 463 U.S. at 751, 103 S.Ct. at 3313, 77 L.Ed.2d at 993. Generally, the determination of which issues to present on appeal is a matter which addresses itself to the professional judgment and sound discretion of appellate counsel. *Jones,* 463 U.S. at 750, 103 S.Ct. at 3312, 77 L.Ed.2d at 992; *State v. Draper,* 800 S.W.2d 489, 498 (Tenn.Crim. App.1990); *State v. Swanson,* 680 S.W.2d 487, 491 (Tenn.Crim.App.1984). As Justice Jackson observed:

Legal contentions, like the currency, depreciate through over-issue.... [E]xperience on the bench convinces me that multiplying assignments of error will di-

lute and weaken a good case and will not save a bad one.

Jackson, *Advocacy Before the United States Supreme Court,* 25 Temple L.Q. 115, 119 (1951).

■ Moreover, the determination of which issues to raise on appeal can be characterized as tactical or strategical choices, which we have already stated should not be "second guessed" on appeal, subject, of course, to the requisite professional standards. *See Hellard v. State,* 629 S.W.2d 4 (Tenn.1982); *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975). Here, the petitioner's appellate counsel testified that his decision to focus on only two issues on appeal was based on his belief that those issues were the two most likely to result in a reversal. That decision was within his professional discretion. In addition, the petitioner fails to point out any specific substantial issue which should have been discussed. Accordingly, we conclude that the brief submitted by the petitioner's appellate counsel fell within the range of competence demanded of attorneys in criminal cases.

■ Assuming, however, for the sake of argument, that the brief in question did not meet the required standard of competence, the petitioner has failed to point to any prejudice that he suffered as a result of the alleged deficiency. Unless both deficient performance and resulting prejudice are shown, a claim of ineffective assistance of counsel must fail. *Butler,* 789 S.W.2d at 899. There is no suggestion by the petitioner that a specific issue should have been addressed by the appellate brief which would have had the effect of changing the result of the appeal had it been discussed.

Moreover, the petitioner's reliance on *Penson v. Olin, supra,* is misplaced. Ineffective assistance of appellate counsel was not at issue in that case. Instead, the defendant had been denied his right to assistance of counsel on appeal when his appointed counsel was allowed to withdraw, and the court did not appoint a second attorney to represent the defendant even after determining that the trial record sup-

ported several arguable claims. The *Penson* court stated that prejudice can be presumed in those cases where the defendant is denied the right to assistance of counsel on appeal. 488 U.S. at 88, 109 S.Ct. at 354, 102 L.Ed.2d at 310. In the present case, the petitioner was afforded his right to assistance of counsel on appeal, so no presumption of prejudice arises.

We, therefore, agree that the evidence does not preponderate against the trial court findings that the petitioner's claim of ineffective assistance of counsel on appeal is without merit. We conclude that the brief submitted in the direct appeal fell within the range of competence demanded of attorneys in criminal cases, and that the petitioner demonstrated no prejudice to the defense.

Accordingly, we affirm the trial court judgment denying the claim of ineffective assistance of counsel on direct appeal. The costs of this appeal are taxed to the petitioner, Vernon Cooper.

REID, C.J., and DROWOTA, O'BRIEN, and DAUGHTREY, JJ., concur.