# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1997

**FILED**

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **RICK F. VAULTON,** | ) | **C.C.A. NO. 01C01-9606-CR-00276** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ANN LACY JOHNS** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

THERESA W. DOYLE
211 Printer's Alley Building
Suite 400
Nashville, TN 37201

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General & Reporter

PETER COUGHLAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

ROGER MOORE
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Defendant was originally indicted on eleven counts of aggravated robbery and three counts of especially aggravated kidnaping. He subsequently pleaded guilty to four counts of aggravated robbery and one count of especially aggravated kidnaping. Pursuant to the plea agreement, he was sentenced as a Range II multiple offender to twenty years for each of the aggravated robbery convictions and twenty-five years for the especially aggravated kidnaping conviction, all to be served concurrently. After conducting a hearing on the post-conviction petition, the trial judge denied the Defendant's claim of ineffective assistance of counsel relative to his guilty pleas and dismissed his petition. We affirm the judgment of the trial court.

In the Defendant's pro se petition for post-conviction relief, numerous general allegations of ineffective assistance of counsel are alleged. The allegations relate primarily to improper and inadequate investigation, counseling and advice concerning the charges and the consequences of the guilty plea. At the hearing on the post-conviction petition, the Defendant testified that his main concern was with the aggravated kidnaping conviction because it carried five more years than the robbery convictions. He testified that concerning the kidnaping charge, his attorney "told me that if I went ahead and pleaded guilty, we could come back and he could get it took off of me." The Defendant's attorney testified that he did not "recall any discussion of that nature."

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show

that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The Defendant and his attorney were the only witnesses at the hearing on the petition for post-conviction relief. Noting that to some extent the issue was one of credibility, the trial judge found that based on the evidence presented, the Defendant had not carried his burden of proving that counsel was ineffective. The evidence supports the findings of the trial judge. We find no error of law requiring reversal.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
J. CURWOOD WITT, JR., JUDGE