**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL SESSION, 1997**

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DERRICK RICHARDSON,** | ) | **C.C.A. NO. 03C01-9605-CR-00186** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **HAMILTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DOUGLAS A. MEYER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender
11th Judicial District

DONNA ROBINSON MILLER
Assistant District Public Defender
Suite 300 - 701 Cherry St.
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ROBIN L. HARRIS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

BILL COX
District Attorney General

LELAND DAVIS
Assistant District Attorney General
City and County Courts Building
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Derrick Richardson appeals the trial court's denial of his petition for post-conviction relief. He presents the following issue for review: whether the trial court erred in finding that Appellant's counsel rendered effective assistance both at trial and on appeal.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

On December 10, 1992, a Hamilton County Criminal Court jury convicted Appellant of first-degree murder. The trial court imposed a life sentence. On appeal, this court affirmed Appellant's conviction. See State v. Derrick Richardson, C.C.A. No. 03C01-9305-CR-00165, Hamilton County (Tenn. Crim. App., Knoxville, June 9, 1994), perm. to appeal denied (Tenn. 1994).

On July 20, 1995, Appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel at trial. At the conclusion of the hearing, the trial court denied Appellant's petition.

## II. POST-CONVICTION RELIEF

Appellant contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of counsel both at trial and on appeal.

In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by clear and convincing evidence.

Tenn. Code Ann. § 40-30-210 (f)(1997). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

## A. EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Appellant's only contention is that the trial court erred in finding that his trial counsel rendered effective assistance. Specifically, Appellant alleges the following deficiencies in his trial counsel's representation:

> (1) failure to meet and talk with Appellant for a sufficient amount of time prior to trial;
> (2) failure to challenge the sufficiency of the evidence both at the motion for new trial and on appeal to this Court;
> (3) failure to inform Appellant of the minimum and maximum potential sentences which Appellant would face by going to trial to enable Appellant to intelligently decide whether to accept or reject the State's plea offer of twenty years;
> (4) failure to interview certain witnesses and to call Appellant's mother and brother as trial witnesses; and
> (5) failure to consult with Appellant before deciding to appeal appellant's conviction.

The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right. . . to have the assistance of counsel for his defense." U.S. Const. amend. 6. Similarly, the Tennessee Constitution guarantees an accused "the right to be heard by himself and his counsel. . . " Tenn. Const. art. I § 9. In Strickland v. Washington, the United States Supreme Court articulated a two-prong test for courts to employ in evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee Supreme Court adopted Strickland's

two-part test in Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).  The Strickland Court began its analysis by noting that "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 104 S.Ct. 2052, 2064.  When a convicted defendant challenges the effective assistance of counsel in a post-conviction proceeding, the Appellant carries the burden of establishing  (1) deficient representation of counsel and (2) prejudice resulting from that deficiency.  Strickland, 104 S.Ct. 2052, 2064; Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).  Appellant must prove that counsel's representation fell below an objective standard of reasonableness. Strickland, 104 S.Ct. 2052, 2064.  This Court is not required to consider the two prongs of Strickland in any particular order.  Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996).  "Moreover, if the Appellant fails to establish one prong, a reviewing court need not consider the other."  Id.  With regard to counsel's deficient performance, the proper measure is that of reasonableness under prevailing professional norms.  Id. (citing Strickland, 104 S.Ct. at 2065).  Put differently, counsel's performance is required to be "within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Harris, 947 S.W.2d 156, 163.  Respecting the prejudice prong of Strickland, the Appellant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 104 S.Ct. 2052, 2068.

The Strickland Court emphasized that "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 2065. "A `fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (quoting Strickland, 104 S.Ct. at 2065). The mere failure of a particular tactic or strategy does not per se establish unreasonable representation. Id. at 369. However, this Court will defer to counsel's tactical and strategic choices only where those choices are informed ones predicated upon adequate preparation. Goad, 938 S.W.2d 363, 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

With respect to Appellant's first alleged deficiency, Appellant submits that prior to trial, Attorney Charles Wright met with Appellant only three times for a total of one hour and thirty minutes. However, at the hearing on Appellant's petition for post-conviction relief, Mr. Wright's records reflected that he had spent 9.6 hours discussing Appellant's case with Appellant. Moreover, Mr. Wright further testified that he had devoted a total of 61 hours of time out of court and 36.1 hours of time in court to investigating and preparing Appellant's case. We, therefore, conclude that Appellant has failed to carry his burden of proving either prong of Strickland. Appellant has failed to demonstrate that Mr. Wright performed below the range of competence of attorneys in criminal cases and that Appellant was prejudiced by his counsel's allegedly deficient performance.

To bolster his second allegation of deficient representation, Appellant complains that his attorney was ineffective because counsel determined not to contest the sufficiency of the evidence either in the motion for new trial or on

-5-

appeal to this Court. In his brief, however, Appellant does not raise any issues that would have buttressed a sufficiency argument on appeal. At the post-conviction hearing, Mr. Wright explained that he did not contest the sufficiency of the evidence in the motion for new trial or in the appeal to this Court because he believed such a contention to have no merit and because he believed that "there was obviously evidence enough to sustain a jury verdict." In his direct appeal, the only issue presented was whether the trial court improperly instructed the jury regarding criminal responsibility. State v. Richardson, CCA No. 03C01-9305-CR-00165, slip op. at 1. This Court held that the jury instruction was proper. Id. at 4.

Typically, the decision about which issues to raise on appeal is one that is left to the professional judgment and sound discretion of appellate counsel. Porterfield, 897 S.W.2d 672, 678; Cooper v. State, 849 S.W.2d 744, 747. Additionally, Wright appears to have made a well-informed strategic decision that it would not be in Appellant's best interest to contest the sufficiency of the evidence. Review of the record evidence in Appellant's case demonstrates that the evidence was more than sufficient to support the verdict. In light of the testimony of trial counsel during the post-conviction hearing, we do not believe that Appellant received ineffective assistance because of his attorney's decision to refrain from raising a sufficiency of the evidence argument, nor are we of the opinion that the outcome would have been different had this issue been presented to this Court.

Appellant's brief is wholly devoid of any argument to buttress his third allegation of ineffective assistance of counsel. Indeed, Appellant merely asserts, "By failing to advise petitioner of the potential sentences he was facing so that he might make an intelligent decision about whether to accept or

reject the plea offered by the State, Wright deficiently represented petitioner." The State made a plea offer of twenty years incarceration in exchange for the State's agreement to lower the charge to second-degree murder. However, Mr. Wright stated that after discussing the felony murder rule and the State's plea offer with Appellant, Appellant still insisted upon proceeding to trial. Appellant's own admission at the post-conviction hearing indicates he does not regret rejecting the State's plea offer. Nothing in this record indicates Mr. Wright's advice was deficient. In addition, since Appellant has indicated he would still reject the plea offer, he has not demonstrated that he was prejudiced as a result of this alleged deficiency.

With regard to his fourth allegation of inadequate representation, Appellant asserts that his brother, Tony Richardson, and his mother Ernestine Richardson should have been called as witnesses. Appellant also complains that his attorney was ineffective for failing to interview four witnesses named by a co-defendant in a statement given to police by that co-defendant, Calvin Johnson.

Appellant contends that Tony Richardson could have rebutted the testimony of Lakeysha Davis, a crucial prosecution witness. At Appellant's trial, Ms. Davis testified that she observed from her front porch the events surrounding the robbery and subsequent murder of the victim. Tony Richardson was prepared to testify that, at the time of the murder, he was standing in the doorway of Lakeysha Davis' apartment and that she was upstairs in her bedroom rather than on her front porch. However, Richardson also testified that he could not see the events surrounding the murder because his view was obstructed by a van which was parked between himself and the location of the robbery and murder. Mr. Wright explained that he opted not to

call Tony Richardson because Richardson had not observed the murder. Moreover, Wright claimed that no one had informed him that Tony Richardson was prepared to refute Lakeysha Davis' statement that she witnessed the murder from her front porch. Finally, Mr. Wright emphatically stated that had Tony Richardson been able to clearly observe the robbery and the shooting of the victim, Wright definitely would have called Richardson as a witness.

At the post-conviction hearing, Ms. Richardson stated that had she been permitted to testify at her son's trial, she would have recounted a conversation between herself and Lakeysha Davis which occurred approximately three days before the commencement of the trial. According to Ms. Richardson, Lakeysha Davis told her, "Mrs. Richardson, wait a minute, I have something to tell you. I'm sorry, I didn't see nothing, I don't know nothing. Calvin[1] told me to get up there and lie like that, said if I didn't, he would have no more use for me and my baby." At the post-conviction hearing, however, both Mr. Wright and Mrs. Richardson testified that Mrs. Richardson never disclosed this information to Mr. Wright at any time prior to Appellant's trial.

With regard to the four witnesses mentioned above, Mr. Wright explained that he had not interviewed them because they could not be located and because he "had no leads about finding any of them." Under these circumstances, we find no deficient representation. Again, Appellant has also failed to show a reasonable probability that the result of his trial would have been different had these witnesses been called.

Lastly, Appellant asserts that Mr. Wright rendered ineffective assistance by neglecting to consult Appellant before filing an appeal with this Court. Mr.

---

[1] Calvin Johnson, Appellant's co-defendant, was also Ms. Davis' boyfriend and the father of her child.

Wright stated at the post-conviction hearing that Appellant "never purported to add anything to the appeals process." The trial court held that although Mr. Wright should have consulted with Appellant prior to filing an appeal, it was not necessary that Mr. Wright do so. The fact that Mr. Wright failed to confer with Appellant before perfecting an appeal to this Court is insufficient to render his representation deficient. Mr. Wright appealed Appellant's conviction on what he believed to be the only meritorious claim--the possible impropriety of the trial court's jury instruction on criminal responsibility. Furthermore, Appellant has failed to demonstrate what he could have added to the appeals process had he been contacted.

Because we find that Appellant's attorney rendered adequate representation both at trial and on appeal, we affirm the judgment of the trial court denying his petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE