# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

**FILED**

December 8, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9709-CR-00419** |
| | ) | |
| Appellee, | ) | |
| | ) | **JACKSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. J.O. BOND, JUDGE** |
| **CAROLYN STRICKLAND,** | ) | |
| | ) | |
| Appellant. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:

**COMER L. DONNELL**
District Public Defender

**HOWARD L. CHAMBERS**
Assistant Public Defender
213 North Cumberland Street
P.O. Box 888
Lebanon, TN  37087

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY F. BEHAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**TOM P. THOMPSON, JR.**
District Attorney General

**JOHN D. WOOTTEN, JR.**
Assistant District Attorney General
P.O. Box 178
Hartsville, TN  37074

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Carolyn Strickland, appeals the order of the Jackson County Criminal Court dismissing her petition for post-conviction relief. In her sole issue on appeal, Petitioner argues she was incompetent to stand trial due to the medication she was taking during the trial and was, therefore, denied her right to due process and a fair trial.

Petitioner was convicted of first degree murder and received a sentence of life imprisonment in the Jackson County Criminal Court. The conviction was affirmed on appeal. State v. Carolyn Strickland, No. 01C01-9212-CR-00390, Jackson County (Tenn. Crim. App., at Nashville, March 23, 1995), perm. to appeal denied, (Tenn. 1995). Following the denial of her permission to appeal, she filed a petition for post-conviction relief. In post-conviction proceedings, the petitioner bears the burden of proving the allegations raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). As the evidence does not preponderate against the findings of the trial court, we affirm the trial court's dismissal of the petition.

At the post-conviction hearing, Petitioner testified that she was taking various medicines, including pain, nerve and sleep aid medications. She described that due to the effect of her medications, she was incoherent and unable to recall any aspect of her trial. Both Petitioner's brother and sister testified that they observed the

Petitioner taking various medications during the week and that she was so affected by the medications that she was not acting normally.

Petitioner's trial counsel both testified that while Petitioner indicated that she may have taken various medication during the course of the trial, they did not personally witness her taking any medication during that week. The attorneys described that Petitioner spoke clearly, never slurring her words, and was able to communicate effectively with them. In response to their questioning, she was always responsive. Petitioner never indicated in any way that she was not understanding what they were saying. While counsel did notice that Petitioner was "stressed out" during the course of the trial, it was not to an extent that was abnormal. Furthermore, counsel stated that if Petitioner had ever indicated any incomprehension regarding the trial proceedings or appeared to be incoherent due to the medication, this would have immediately been brought to the attention of the trial court.

The trial court found that the credibility of the witnesses for the Defendant was not good, and that there was not clear and convincing evidence she was taking so much medication that she could not help her attorneys in her defense. The trial court noted that her attorneys talked with her, worked with her directly and did not see anything that would indicate she was incompetent. Based on these facts, we conclude that Petitioner has not carried her burden that she was denied a fair trial. Petitioner has made no showing that the post-conviction court's findings are inconsistent with the evidence.

Accordingly, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JAMES CURWOOD WITT, JR., Judge