# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1998

FILED

February 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RAYFORD B. MARTIN,** | ) | **C.C.A. NO. 03C01-9707-CR-00286** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. RICHARD BAUMGARTNER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF KNOX COUNTY

| FOR THE APPELLANT: | FOR THE APPELLEE: |
|---|---|
| MARK E. STEPHENS<br>Public Defender | JOHN KNOX WALKUP<br>Attorney General and Reporter |
| JOHN HALSTEAD<br>PAULA R. VOSS<br>Assistant Public Defenders<br>1209 Euclid Avenue<br>Knoxville, TN 37921 | MICHAEL J. FAHEY, II<br>Assistant Attorney General<br>425 Fifth Avenue North<br>Nashville, TN 37243 |
| | RANDALL E. NICHOLS<br>District Attorney General |
| | MARSHA SELECMAN<br>Assistant District Attorney General<br>City-County Building<br>Knoxville, TN 37902 |

OPINION FILED _____

AFFIRMED IN PART; DELAYED APPEAL GRANTED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right from the trial court's denial of post-conviction relief from convictions based upon guilty pleas. The Defendant entered guilty pleas, with sentencing left to the discretion of the trial judge, to two counts of aggravated kidnapping, two counts of aggravated rape, and four counts of armed robbery. At the sentencing hearing conducted on April 3, 1989, he received a total effective sentence of 150 years. This Court affirmed his sentences on direct appeal.[1] The Defendant filed a petition for post-conviction relief in December of 1991; and following appointment of counsel, he filed a supplemental petition in June of 1997. The trial court conducted a hearing and denied the petition in July of 1997. The Defendant now appeals the trial court's ruling. We affirm, but we grant Defendant relief in the form of a delayed appeal.

The Defendant contends that he received ineffective assistance of counsel and asserts four grounds in support of his claim. He argues that his counsel (1) improperly advised him to plead guilty to two counts of aggravated kidnapping, which he contends were merely incidental to the aggravated robbery and rape charges; (2) erred by failing to object to the trial court's ex parte conference with one of the victims and her mother at the sentencing hearing; (3) erred by consistently failing to challenge at the trial or appellate level the enhancement

---

[1] State v. Derrick Willis Gilbert & Rayford Bernard Martin (alias Billy Ray Morgan), No. 1265, 1990 WL 41554 (Tenn. Crim. App., Knoxville, April 11, 1990, perm. to appeal on behalf of Derrick Willis Gilbert denied (Tenn. 1990).

factors which were applied in sentencing; and (4) ineffectively represented him on appeal.[2]

For a better understanding of the issues, it is necessary to briefly review the facts of the underlying offenses as presented in the record before us. According to the presentence report, which includes a lengthy and graphic confession by the Defendant, the Defendant and his co-defendant, Derrick Gilbert, accosted a young couple who were sitting in a parked vehicle in Knoxville on June 7, 1988. Armed with a pistol and knife, the two men robbed the couple of a stereo equalizer and purse.

Later that same evening, the Defendant and his co-defendant approached another young couple sitting in a parked vehicle. Again using the pistol and knife, they robbed the couple of jewelry, a stereo, and other items, and then forced the couple to fully disrobe, throwing articles of their clothing into the nearby woods. They forced the male victim to lie nude in the floorboard of the car, threatening to kill the female victim if he moved. The two men then transported the nude female victim in their vehicle to a more isolated location in the woods, where they each raped her repeatedly, both orally and vaginally, while, according to the Defendant, she "just [lay] there . . . like she was dead." At one point, they placed a pistol in her mouth and threatened to kill her if she vomited on them. After the assault, the Defendant and his co-defendant left the female victim, who was nude and bleeding, alone in the woods and drove away. As they departed, they were met by arriving police officers, who placed them under arrest.

---

[2] For purposes of clarity and brevity, we will address the issues presented in a slightly different order than that suggested by the Defendant.

-3-

In determining whether counsel provided effective assistance at trial, this Court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockart, 474 U.S. 52 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). The prejudice requirement is modified so that the petitioner "must show that there is

a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The Defendant first argues that he received ineffective assistance of counsel because he was improperly advised to plead guilty to two counts of aggravated kidnapping. He argues that the proof does not support his kidnapping convictions and that his attorney failed to properly advise him about the law of kidnapping. He contends that his kidnapping convictions were essentially incidental to his rape and robbery convictions and therefore that his convictions for kidnapping violate his due process rights.

In support of this argument, the Defendant relies on the Tennessee Supreme Court case of State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), which sets forth the standard for determining whether movement or confinement incidental to a crime such as robbery or rape is sufficient to sustain a separate kidnapping conviction. In Anthony, the supreme court concluded that the proper inquiry is

> whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support a conviction. . . . [O]ne method of resolving this question is to ask whether the defendant's conduct "substantially increased [the] risk of harm over and above that necessarily present in the crime of robbery itself."

Id. at 306. Simply stated, to uphold a conviction for kidnapping which accompanies a related crime, the kidnapping "[m]ust . . . make[] the other crime substantially easier of commission or substantially lessen[] the risk of detection."

Id.

We first note that the Defendant entered his guilty plea in 1989, two years before the release of Anthony in 1991.  The Defendant, however, argues that the ruling in Anthony was based at least in part on previous cases which were available to his counsel at the time.  See id. at 304-06.  The Defendant would have us conclude that had his counsel informed him of a potential Anthony-type defense, either the State would have dropped all kidnapping charges against him, or he would have proceeded to trial and prevailed on the Anthony issue.  We find neither of these outcomes likely.

The Defendant confessed to horrific crimes.  The facts which we have gleaned from the record, the majority of which come from the Defendant's own statements to police, though not tantamount to all evidence which would likely be produced at a complete trial, indicate extremely strong proof against the Defendant.  Furthermore, as our supreme court noted in Anthony, "despite the rules, there is inevitably some unevenness in the application of the law to the facts, even within jurisdictions, principally because the determination of whether a detention or movement is incidental to another offense is highly dependent on the facts in each case."  Id. at 306.  Thus, it is totally uncertain whether, if the Defendant had proceeded to trial, he would have prevailed with an Anthony defense.

Based upon a review of the proof before us, we cannot conclude that the Defendant's representation was deficient with regard to the Defendant's kidnapping convictions.  Moreover, even assuming that there was deficiency in the Defendant's representation, the Defendant has failed to show prejudice.  He simply has not demonstrated that "but for counsel's errors he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This issue is therefore without merit.

The Defendant next argues that his counsel should have objected to the trial court's ex parte conference with one of the victims and her mother at the sentencing hearing. This victim, who did not testify at the sentencing hearing, was the victim of one of the aggravated robberies, an aggravated kidnapping, and both aggravated rapes. There is no record of the private conversation between the judge, the victim, and her mother. However, the trial judge testified at the post-conviction proceeding and denied having been unduly influenced by the conversation.

It is not within our realm of review to second-guess trial strategy decisions. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Suffice it to say that there are numerous possible reasons for Defendant's counsel to choose not to object to the ex parte conference. As the post-conviction judge pointed out, "[the Defendant's counsel] knew the emotional nature of the case. He had the opportunity to see [this victim] testify at the preliminary hearing. He knew the impact that testimony could have at the sentencing hearing. There was nothing for him to gain by objecting to this suggested meeting." We therefore decline to find that the lack of an objection to the conference resulted in deficient representation for the Defendant. In addition, there is no showing of prejudice.

Third, the Defendant argues that he received ineffective assistance of counsel due to his attorney's failure to challenge any of the enhancement factors at the sentencing hearing or on appeal. In response to this argument, we note

-7-

that this Court fully reviewed the Defendant's sentence on appeal and affirmed the sentences imposed by the trial court. The record shows that this Court considered all enhancement factors and noted that some of the factors were inappropriately applied. This Court, however, upheld the sentence imposed by the trial court, concluding, "[W]e are satisfied that [the Defendant's] sentences as fixed by the trial judge are of a length commensurate with his crimes." Therefore, the Defendant has shown no prejudice caused by his counsel's failure to challenge the applied enhancement factors, and this issue is without merit.

Finally, the Defendant claims that his counsel was ineffective on appeal and lists a number of reasons to support his claim. He states that

> [w]hen the [appellate] brief first became due, counsel did not file a brief, and the Court of Criminal Appeals issued a show cause order. In response to the show cause order, counsel attempted to withdraw. The Court refused to allow him to withdraw and ordered him to file a brief. The attorney then filed a brief which substantively is five pages long. The attorney did not file a reply brief.

In addition, he states that his counsel "failed to file a motion to reconsider the Court of Criminal Appeals opinion, affirming the sentence after the enhancing factors were found to be inapplicable, and failed to file a Motion For Permission to Appeal to the Supreme Court."

Reviewing the record before us, we are unable to find ineffective representation concerning the appellate brief. Although Defendant's counsel filed the brief late, the Court of Criminal Appeals nevertheless accepted the brief and considered it. For this reason, the Defendant has not shown prejudice resulting from the late filing of the brief. Furthermore, the submission of a five-page brief does not constitute ineffective assistance of counsel per se. From a review of the

record, we do not find any deficiency of representation regarding the brief itself. However, even assuming deficiency of representation, the Defendant has failed to show prejudice resulting from the length or content of the brief.

However, with regard to counsel's failure to file an application for permission to appeal to the Tennessee Supreme Court, we conclude that the Defendant should be granted a delayed opportunity to appeal. Tenn. R. Sup. Ct. 28 § 9(D). Rule 14 of the Rules of the Supreme Court requires that counsel for an indigent defendant obtain the consent of this Court before withdrawing as counsel following first-tier review. Tenn. R. Sup. Ct. 14. Rule 14 also states that counsel must forward a copy of his motion to withdraw and written notification containing certain specific information to the defendant. Id. "[U]nilateral termination of a direct appeal following first-tier review entitles a prospective Defendant to relief in the form of a delayed appeal." Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984).

In the case before us, Defendant's counsel testified at the post-conviction proceeding that he sent to the Defendant a copy of the opinion from this Court accompanied by a letter explaining the Defendant's options. He testified that the Defendant never responded. However, Defendant's counsel did not file an application for permission to appeal to the supreme court, nor does it appear that he filed a motion to withdraw as counsel. Although we find that this error alone does not necessarily rise to the level of ineffective assistance of counsel, we conclude that the Defendant should be granted the opportunity to pursue a delayed appeal to the Tennessee Supreme Court. See Tenn. R. Sup. Ct. 28 § 9(D).

In conclusion, in the words of the post-conviction judge, the Defendant

> gave a detailed account of his participation in this brutalization of the [rape victim] in the pre-sentence report. He went on for some three pages describing the sexual acts that he himself committed, and that the other individual committed, and fully acknowledged the horrendous nature of this crime to the pre-sentence officer . . . .

Based on the facts presented to us, we simply cannot conclude that but for his counsel's alleged deficiencies, the Defendant would have elected to proceed to trial on these charges.

We accordingly affirm the judgment of the post-conviction court regarding ineffective assistance of counsel. However, the Defendant shall have sixty days to seek supreme court review of this Court's decision affirming his sentence. See Ten. R. Sup. Ct. 28 § 9(D); Tenn. R. App. P. 11.


_____
DAVID H. WELLES, JUDGE



CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE