# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY SESSION, 1999

| | | |
|---|---|---|
| TYRONE W. BELL, | ) | C.C.A. NO. 03C01-9810-CR-00364 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | HAMILTON COUNTY |
| VS. | ) | |
| | ) | HON. STEPHEN M. BEVIL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FILED

August 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF HAMILTON COUNTY

FOR THE APPELLANT:

MIKE A. LITTLE
701 Cherry Street
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
District Attorney General

TODD R. KELLEY
Assistant District Attorney General
425 Fifth Avenue North
Nashville, TN 37243

BILL COX
District Attorney General

MARK HOOTON
Assistant District Attorney General
600 Market Street - Courts Building
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Tyrone W. Bell, appeals from the denial of post-conviction relief by the Hamilton County Criminal Court. Defendant argues that his guilty plea was not voluntary and intelligent due to the ineffective assistance of counsel prior to the plea. He pleaded guilty to aggravated sexual battery and aggravated burglary. Pursuant to the plea agreement, he received sentences of twelve years at eighty-five percent for the sexual battery and three years for burglary, to be served concurrently.

In this appeal, Defendant argues (1) that the offenses occurred prior to the effective date of the statutory change mandating that a defendant convicted of aggravated sexual battery serve eighty-five percent of his sentence; (2) that his counsel erroneously negotiated the plea agreement as if Defendant would have been required to serve eighty-five percent of any sentence imposed; (3) that at that time, Defendant would have been classified as a Range I standard offender for sentencing purposes, which would have required him to mandatorily serve only thirty percent of his sentence; and (4) but for counsel's error, Defendant would not have pleaded guilty to a sentence to be served at eighty-five percent and would have gone to trial.

We agree with the conclusion of the trial court that Defendant was not denied the effective assistance of counsel and that his guilty plea was both voluntary and intelligent. Therefore, we affirm the trial court's denial of post-conviction relief.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner, resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should

be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

If afforded a post-conviction evidentiary hearing by the trial court, a petitioner must do more than merely present evidence tending to show incompetent representation and prejudice; he must prove the factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding on this Court unless the evidence preponderates against them. Cooper, 849 S.W.2d at 746 (citing Butler, 789 S.W.2d at 899).

The "core requirement" of federal constitutional law regarding the validity of guilty pleas is that "no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary." Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975) (citing Boykin v. Alabama, 395 U.S. 238 (1969)). In its exhaustive and comprehensive evaluation of the requirements for a voluntary, intelligent plea of guilt, the Tennessee Supreme Court stated,

> [A] court charged with determining whether . . . pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).

In the case at bar, Defendant testified he knew that he was pleading guilty to a recommended sentence of twelve years to be served at eighty-five percent, but he did not know—and his counsel should have informed him—that the change in law requiring a convicted offender to serve eighty-five percent of the sentence did not apply to his offense because it was committed prior to the effective date of the change. Defendant contends that counsel erroneously attested before the court that the eighty-five percent requirement did in fact apply to Defendant's case. The transcript of the guilty plea hearing reflects that when asked whether the change in the law applied to Defendant's case, his counsel replied in the affirmative.

However, at the post-conviction evidentiary hearing, Defendant's counsel, Attorney Hallie McFadden, testified that both she and the prosecuting attorney knew that the change in the law requiring eighty-five percent service did not apply to Defendant's case. She stated that eighty-five percent service of sentence was a part of the plea offer by the State and that after consultation with Defendant, they chose to accept that offer as being in Defendant's best interest. McFadden testified she discussed with Defendant that the eighty-five percent service was not required by law, but by the State's plea offer. She explained that she had not paid close attention at the plea hearing when she informed the judge that Defendant was required to serve eighty-five percent of the sentence "per the statute" rather than "per the plea agreement." A knowing and voluntary guilty plea generally waives any irregularity as to release eligibility. Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997).

McFadden also testified that the parties originally believed Defendant had not penetrated the young victim during the offense; but prior to the plea agreement, investigations revealed that the victim had contracted a sexually transmitted disease carried by Defendant—indicating strongly that Defendant did penetrate the victim. Furthermore, the record demonstrates that, in exchange for Defendant's guilty plea to aggravated sexual battery and aggravated burglary, the State dismissed seven counts of especially aggravated burglary, one count of theft, one count of aggravated burglary, and one count of evading arrest.

In light of the evidence presented at the post-conviction evidentiary hearing, we conclude both (1) that Defendant did not suffer the ineffective assistance of counsel, and (2) that his guilty plea was voluntarily and intelligently delivered. We therefore affirm the denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE