# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

February 24, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| HARRY E. CONKLIN, | ) | |
| | ) | C.C.A. NO. 01C01-9708-CR-00347 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. WALTER C. KURTZ, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


MICHAEL G. STEWART                    JOHN KNOX WALKUP
511 Union St., Suite 2100             Attorney General & Reporter
Nashville, TN 37219
                                      DARYL J. BRAND
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493


                                      VICTOR S. JOHNSON, III
                                      District Attorney General


                                      WILLIAM REED
                                      Asst. District Attorney General
                                      222 Second Ave., North
                                      Suite 500
                                      Nashville, TN 37201-1649


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

In 1995, the petitioner was charged in the indictment with three counts of rape of a child and three counts of aggravated sexual battery upon a child less than thirteen years of age. After negotiations with the State, the petitioner pled guilty to the three aggravated sexual battery counts, and the child rape counts were dismissed. Pursuant to the plea agreement and discussions at the guilty plea hearing, the trial court sentenced the petitioner as a Range I standard offender to three consecutive terms of eleven years imprisonment, for an effective sentence of thirty-three years. In August 1996, the petitioner filed a petition for post-conviction relief, alleging several grounds for relief. Following an evidentiary hearing, the post-conviction court denied the petition. The petitioner now appeals, arguing that his guilty plea was unknowing and involuntary and that his indictment was constitutionally defective. We affirm the trial court's order denying the petition.

The petitioner first argues his guilty plea was unknowing and involuntary because he did not understand what "consecutive sentencing" meant. He contends that a trial court should be required to define the term "consecutive" to defendants before their pleas can be considered knowing and voluntary.

It is undisputed that during the guilty plea hearing in this case, the trial court did not explain to the petitioner what the term "consecutive" meant. Nonetheless, the petitioner represented to the trial court that he understood he would receive a consecutive sentence pursuant to his plea bargain and that he wanted to voluntarily enter a plea of guilty. At the post-conviction evidentiary hearing, however, the petitioner testified that despite the fact his plea bargain specified three consecutive eleven year terms, he

2

believed "consecutive" meant the same as "concurrent." He also testified his attorney told him that with a thirty percent release eligibility, he would be released "in about four, four and a half years" and to the extent that this was not true, he believed his attorney threatened and coerced him into pleading guilty.

Steve Young and Ross Alderman of the public defender's office appointed to represent the petitioner also testified. According to their testimony, they explained to the petitioner the nature of the sentence and that it was a thirty-three year sentence, and the petitioner seemed to understand the effective sentence he would receive. The post-conviction court specifically accredited Young's and Alderman's testimony, finding "that this petitioner clearly understood that the sentence was 33 years, that the three 11 year sentences will run consecutive and that his attempt to convince the court otherwise of a misunderstanding is just not credible." The evidence does not preponderate against this finding. To the contrary, inasmuch as the petition to enter a guilty plea and the transcript of the guilty plea hearing corroborate Young's and Alderman's testimony, as the post-conviction court noted, the evidence in the record supports this finding. Because the petitioner has not successfully challenged this finding, his argument must fail. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993)(court's findings are conclusive unless evidence preponderates against the judgment).

The petitioner next argues that the aggravated sexual battery indictments were constitutionally defective because they failed to allege scienter. He points out that even though T.C.A. § 39-13-504 defines aggravated sexual battery as "unlawful sexual contact" without any reference to a specific mens rea, the statute defining "sexual contact" provides the specific mens rea of "intentional," see T.C.A. § 39-13-501(6). Based on this, the petitioner contends that the "statute setting out the crime" of

3

aggravated sexual battery "plainly requires" the specific mens rea of "intentional." As such, the petitioner distinguishes this case from State v. Hill, 954 S.W.2d 725 (Tenn. 1997)(defendant charged with aggravated rape, which does not expressly require a specific culpable mental state), and argues that because the indictment in this case did not specifically allege the specific mens rea of "intentional," it is insufficient and his underlying convictions must be reversed.

Each of the three indictments charging the petitioner with aggravated sexual battery allege that the petitioner "did engage in unlawful sexual contact with [the victim], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-504, and against the peace and dignity of the State of Tennessee." This language is almost identical to the aggravated sexual battery indictment challenged in Ruff v. State, 978 S.W.2d 95, 96-97 (Tenn. 1998). In that case, the defendant challenged an indictment alleging that he "did unlawfully engage in sexual contact with [A.K.], a person less than thirteen (13) years of age, in violation of Tennessee Code Annotated, Section 39-13-504, all of which is against the peace and dignity of the State of Tennessee." Id. at 97. The Tennessee Supreme Court recognized that while the aggravated sexual battery statute, T.C.A. § 39-13-504, did not explicitly include a requisite mental state, it defined the crime as "unlawful sexual contact," a term defined by another statutory section, T.C.A. § 39-13-501(6), which itself explicitly included the mental state of "intentional." Ruff, 978 S.W.2d at 97. Even so, the Tennessee Supreme Court stated,

> Like the aggravated rape statute in Hill, the aggravated sexual battery statute in [this] case does not expressly require a culpable mental state. Rather, one must ascertain the requisite mental state by referring to the definitions in Tenn. Code Ann. § 39-13-501, found in the same chapter. The sole distinction in Hill is the fact that a different provision supplied the mental state. This distinction is not pertinent here. Therefore, we find Hill completely analogous and applicable to the case under submission.

4

Id. (footnote omitted).

Applying the Hill analysis, the Tennessee Supreme Court in Ruff concluded that the indictment was sufficient and that the conviction was therefore valid. Id. at 97-98. Because the indictment in this case is substantively similar, we too must conclude that the indictment satisfies the Hill requirements and that the petitioner's conviction was therefore valid.

Finding no merit to the petitioner's arguments, we affirm the trial court's order denying his petition for post-conviction relief.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
NORMA McGEE OGLE, Judge

5