# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1998

FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ROBERT J. BURTON, SR.,** | ) | **C.C.A. NO. 02C01-9807-CC-00226** |
| | ) | |
| Appellant, | ) | |
| | ) | **WEAKLEY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. WILLIAM B. ACREE, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:           FOR THE APPELLEE:

**KENT F. GEARIN**
317 South Lindell Street
P.O. Box 169
Martin, TN 38237

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**THOMAS A. THOMAS**
District Attorney General

**JAMES T. CANNON**
Assistant District Attorney General
414 South Fourth
P.O. Box 218
Union City, TN 37281

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Robert J. Burton, Sr., appeals the order of the Weakley County Circuit Court dismissing his petition for post-conviction relief. In this appeal, Petitioner argues that his trial counsel was ineffective. After a careful review of the record, we affirm the judgment of the trial court.

On September 8, 1994, Petitioner was convicted of one count of rape and one count of incest. Petitioner was sentenced as a Range I Standard Offender to concurrent sentences of twelve (12) years for the rape conviction and six (6) years for the incest conviction. Petitioner appealed the convictions and this Court affirmed both the convictions and the sentences. See State v. Robert J. Burton, Sr., C.C.A. No. 02C01-9507-CC-00193, Weakley County (Tenn. Crim. App., Jackson, June 10, 1996). Petitioner filed a pro se petition for post-conviction relief and the trial court subsequently appointed counsel to represent him at the hearing. On May 18, 1998, the trial court entered an order denying Petitioner's petition for post-conviction relief, finding that he did receive the effective assistance of counsel. In this appeal, Petitioner again contends that he did not receive the effective assistance of counsel in that his trial counsel failed to investigate and prepare his case. Specifically, he contends that his counsel failed to interview the victim, the school guidance counselor, the victim's school friends, and other possible alibi witnesses.

The pertinent facts as set forth in this Court's previous opinion are as follows:

> On the afternoon of Friday, March 25, 1994, [Petitioner] invited his thirteen-year-old daughter S.B. to accompany him to his workshop. Once there, S.B. assisted [Petitioner] in the repair of an air conditioner. After some

period of time, [Petitioner] approached S.B., pulled down her shorts and underwear, and pushed her back onto a couch. [Petitioner] then unbuttoned and unzipped his pants, kneeled down on top of S.B., and vaginally penetrated her. Having ejaculated, [Petitioner] returned to his work on the air conditioner. After ten or fifteen minutes, [Petitioner] and S.B. left the workshop together and returned home.

On the following Thursday, S.B. told Sherry Page, her school guidance counselor, about the incident. At the behest of Ms. Page, S.B. then told her mother. Ms. Page contacted the Department of Human Services and asked the agency to investigate S.B.'s claim. The Department of Human Services interviewed S.B. on the following Monday and arranged for Dr. Susan Brewer, a pediatrician, to examine her for signs of sexual abuse. During the examination, S.B. again recounted the details of the incident. The physical examination revealed that S.B.'s hymenal opening was enlarged for her age and that she had significant vaginal scarring, as a result of "tears" in the vaginal tissue. Dr. Brewer stated that these physical characteristics indicate vaginal penetration.

In post-conviction proceedings, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When reviewing the dismissal of a post-conviction petition, this Court must affirm the judgment of the trial court unless the evidence in the record preponderates against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to

produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

In determining whether this Petitioner has satisfied these requirements, this Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence that shows that his attorney represented him in any other manner than competently. We should note that Petitioner did not testify at his post-conviction hearing. Petitioner first claims that counsel's failure to interview the victim prejudiced his case. However, Petitioner failed to provide any proof at his

hearing that the victim would have agreed to be interviewed or that a pre-trial interview would have provided counsel with any additional information.

Secondly, Petitioner claims that trial counsel failed to interview other witnesses such as the school guidance counselor, the victim's school friends, and the mother and brother of Petitioner's alibi witness. Petitioner claims that he was prejudiced by trial counsel not interviewing these witnesses. However, none of these witnesses were presented at the post-conviction hearing to state what they would have testified to had they been called at trial. There is no evidence that these witnesses' purported testimony would have in any way helped Petitioner's case. In its Order dismissing Petitioner's petition, the trial court stated the following:

> What the petitioner means is that trial counsel failed to produce alibi witnesses. At the trial, one alibi witness testified. The petitioner now insists that the alibi witness' mother and perhaps his brother could have corroborated the alibi. These witnesses did not testify at the post-conviction hearing, and it would be conjecture to conclude that their testimony would have been of benefit to the petitioner.

We agree with the trial court's findings. Petitioner cannot expect this Court to speculate on the question of whether further investigation of a witness or failure to call a witness would have produced evidence favorable to this case. See Black, 794 S.W.2d at 757. Petitioner is not entitled to relief from his conviction unless he can produce material witness who would have testified favorably in support of his defense. See id. at 758.

In conclusion, the evidence contained in the record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel.

Accordingly, the judgment of the trial court is affirmed.

-6-

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOHN EVERETT WILLIAMS, Judge