# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1998

FILED

March 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **GLEN CLAYBORN,** | ) | **C.C.A. NO. 02C01-9803-CR-00062** |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JAMES C. BEASLEY, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**A.C. WHARTON**
District Public Defender

**WALKER GWINN**
Assistant Public Defender
Criminal Justice Center, Suite 201
201 Poplar Avenue
Memphis, TN  38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DOUGLAS D. HIMES**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**JOHN W. PIEROTTI**
District Attorney General

**CHRIS MARSHBURN**
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Glen Clayborn, appeals the order of the Shelby County Criminal Court dismissing his petition for post-conviction relief. In this appeal, Petitioner argues that his trial counsel was ineffective. After a careful review of the record, we affirm the judgment of the trial court.

In August of 1994, Petitioner was found guilty of second degree murder and reckless homicide for which he received an effective sentence of twenty-seven (27) years. On June 10, 1996, this Court affirmed his convictions in his direct appeal, State v. Glen D. Clayborne [sic], C.C.A. No. 02C01-9507-CR-00185, Shelby County (Tenn. Crim. App., Jackson, June 10, 1996), and the supreme court subsequently denied his application to appeal on January 6, 1997. On May 1, 1997, Petitioner filed a pro se post-conviction petition raising numerous issues. His appointed counsel filed a notice that the petition would not be amended on November 19, 1997. Following a hearing, the trial court denied his petition for post-conviction relief, finding that Petitioner had received the effective assistance of counsel and that any other problems complained of were a result of Petitioner's own untruthfulness.

In this appeal, Petitioner specifically addresses only one allegation on the ground of ineffective assistance of counsel: that his trial counsel failed to interview two surprise witnesses. Although Petitioner purports to raise other issues through implication, he does not support these claims with appropriate references to the record or citations to authority, and therefore they are deemed waived. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7).

The pertinent facts to the case are that Petitioner shot and killed his girlfriend. At the time of the shooting, Petitioner's girlfriend was pregnant with his baby. The viable fetus died as the result of suffocation attributable to the gunshot. Petitioner's defense was that the shooting was an accident. Prior to trial, counsel questioned Petitioner in detail about whether he had abused his girlfriend, however, Petitioner denied any such abuse. In fact, when counsel's pretrial investigation uncovered a prior beating with a bat, Petitioner said it never happened. Nonetheless, his trial counsel filed a pretrial motion to exclude any evidence of prior abuse. This motion was denied by the trial court. Trial counsel renewed his motion at the beginning of trial but the motion was overruled. Petitioner's trial counsel testified at the post-conviction hearing in part as follows:

> I asked Mr. Clayborn in our discussion did he have any witness or did he -- since he was alleging that this was an accident, and I think that was the theory of our case, I said do you know of anyone who would know any specific incidents of harm that you've done to her so they could disprove that it was an accident.
>
> So we did discuss whether anyone knew whether he had been violent with her before. I think that is something we discussed in detail.
>
> Whether you ever beaten this lady before. Whether you've ever done any physical harm to her before. I said, if you have, I need to know. I think he denied it the whole time. He never said -- he always said I never did anything to her. And quite frankly I was quite surprised when it came up. . . . Because we had discussed it extensively. I mean, if we are going to have a theory of an accident, we better not have anything else that is going to prove that he's pulled a gun on her before, that he's beat her before, that he's done things before that was not an accident.

On the morning of trial, Petitioner's trial counsel saw Jeanetta Holmes and Marquita Jones outside of the courtroom and he questioned Petitioner about them.

Trial counsel recalled that Petitioner may have mentioned one of the ladies as being his ex-girlfriend. However, Petitioner gave no indication that they could possibly testify as to the prior abuse between Petitioner and the victim. Trial counsel believed any objection to them testifying based upon lack of notice was without merit. It is well-established that the endorsement requirement of Tenn. Code Ann. § 40-17-106 is directive, rather than mandatory. See State v. Hutchinson, 898 S.W.2d 161, 170 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 69 (Tenn. 1992). At trial, Holmes and Jones testified to prior instances of abuse between Petitioner and his girlfriend. Specifically, one of the witnesses testified that Petitioner had pulled a gun on the victim two weeks prior to her death. Petitioner told his attorney at that time that their testimony was not true.

Petitioner testified at the hearing that his trial counsel never discussed the issue of prior abuse of the victim. Petitioner stated that he would have told his attorney about prior abuse if he had been asked. Petitioner did not tell his lawyer that the victim had obtained a protective order several years prior to the shooting. Petitioner said that his trial counsel never asked him about a protective order, but that again, he would have told him about it had he been asked.

The post-conviction court found the following:

> Counsel also filed a Motion in Limine to preclude any testimony about minor domestic problems and an incident in which the petitioner/defendant pointed a pistol at the victim. [Trial counsel] testified that he knew of rumors of such incidents even though the petitioner/defendant continued to tell him nothing had ever happened. Petitioner testified that he did not tell [trial counsel] about a protective order obtained against him by the victim because he assumed [trial counsel] would find that out on his own. The Motion in Limine was denied pretrial and over counsel's objection the proof of the prior acts were

allowed into evidence. The petitioner charges that his attorney failed to investigate and interview the two witnesses who testified as to the prior incident. Counsel testified that he did not discover who the witnesses were until trial date when the State produced them and up until that point the petitioner had denied that he had ever done anything to the victim and there were no witnesses to say differently. Had petitioner been honest with his attorney, such surprise witnesses could have been avoided. Once the State realized the defendant's theory was going to be an accidental shooting those witnesses became material. The petitioner must bear the burden of lying to his attorney and being caught in said lie.

. . .

As has previously been stated, the defendant chose to lie to his attorney and as a result his attorney was not able to properly advise him and protect his rights. Counsel attempted to limit the testimony by arguing a motion in limine about some of the incidents, but counsel cannot be held responsible when a defendant fails to truthfully confide in his attorney.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable

probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

In determining whether this Petitioner has satisfied these requirements, this Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence that shows that his attorney represented him in any manner other than competently. We agree with the trial court's findings. The evidence contained in the record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel.

Based on all the foregoing, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOHN EVERETT WILLIAMS, Judge