# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 12, 2000, Session

## JACKIE L. GOOCH v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Lake County
No. 98-CR-7752, R. Lee Moore, Jr., Judge

---

### No. W2000-00032-CCA-R3-PC - Decided October 24, 2000

---

The appellant, Jackie L. Gooch, appeals from the trial court's denial of his petition for post-conviction relief. Pursuant to a plea agreement, the appellant entered a "best interest" plea to the charge of voluntary manslaughter. On appeal, the appellant contends: (1) that his guilty plea was coerced and, thus, involuntarily entered; and (2) that trial counsel was ineffective. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Jackie L. Gooch.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Mark E. Davidson, Assistant Attorney General, C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Jackie L. Gooch, was indicted by a Lake County Grand Jury for the second degree murder of his brother, Randy Gooch. On June 22, 1998, pursuant to a plea agreement, the appellant entered a "best interest" or <u>Alford</u> plea to a charge of voluntary manslaughter and was sentenced to six years as a multiple Range II offender. On January 22, 1999, the appellant filed a *pro se* petition for post-conviction relief. A hearing was held and the post-conviction court entered an order dismissing the petition. On appeal, the appellant collaterally challenges his conviction and asserts the following errors: (1) The appellant's guilty plea was not knowingly, voluntarily and intelligently made; and (2) the appellant's trial counsel was ineffective. Following review, we find no error. Therefore, the judgment of the Lake County Circuit Court is affirmed.

### Background

On November 24, 1998, the appellant and a friend, Gregory Hayes, encountered the appellant's brother, Randy Gooch, and Randy's girlfriend, Jackie Hollister. The appellant asked Randy for the $30 he owed him, but Randy refused to give it to him. Randy and Hollister then left and went to Hollister's trailer. As Randy and Hollister were sitting on the couch, the appellant and Hayes drove up. Hayes waited outside while the appellant went inside the trailer. A fight ensued between the appellant and his brother. According to the appellant's testimony, Randy hit the appellant in the head with a baseball bat, knocking him unconscious. The appellant states that when he woke up, he saw Randy lying on the floor and went to aid him. It was at this time that he found that Randy had been stabbed with his [appellant's] pocketknife. The victim later died as a result of the stab wounds. The appellant states that he does not recall stabbing his brother. Hollister contends she did not actually see the fight because she went outside to seek Hayes' help.

## I. Guilty Plea

The appellant asserts that the post-conviction court erred in denying his petition for post-conviction relief. Specifically, the appellant contends that his guilty plea "was induced, coerced and not made voluntarily and with understanding." The State counters his assertion by arguing that the appellant "freely, knowingly and voluntarily entered his guilty plea and agreed to the sentence he is presently serving."[1]

In order to succeed on a post-conviction claim, the appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f)(1997). When this court undertakes review of a lower court's decision on a petition for post-

---

[1]THE COURT: Have you been advised by your attorney and/or Mr., as District Attorney General, Mr. Bivens, as to the proof that the State feels that they have in this case?

MR. GOOCH: Well, they showed me all the evidence that they had --

. . .

THE COURT: You've been over all the evidence that they have with your attorney?

MR. GOOCH: Well, I seen all of it I wanted to see.

THE COURT: What do you mean by that now?

MR. GOOCH: I saw -- That's what I seen. That's all I want -- I just am tired of -- I know -- I know I was involved in it, you know. If I hadn't been there, couldn't have happened, I know that. And it'd be in my best interest to go ahead and take this six years and go on.

THE COURT: Are you telling me that with the proof that you've been shown, that you feel like they have, the State has enough proof if the case went to trial to convict you, whether you agree with it or not?

MR. GOOCH: Oh, yes. See, it's -- I've got enough proof myself, you know, myself. I know it.

THE COURT: You know what?

MR. GOOCH: I know that I'm guilty. So, I don't, you know, I just want to do what I've got to do and move on.

conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). Furthermore, once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See* North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1985), the United States Supreme Court addressed the issue of alleged involuntary guilty pleas resulting from erroneous or negligent advice by trial counsel. The result reached was a formulation of a merger of the Strickland test for ineffective assistance of counsel and the traditional requirements for a valid guilty plea. The Strickland test provides that, in order to prevail on a claim of ineffective assistance of counsel, the defendant must establish that (1) the services rendered by counsel were deficient; and (2) the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). As applied to guilty pleas, the first prong above, that the services rendered were deficient, remains the same. *See* Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Walton v. State, 966 S.W.2d 54, 54-55 (Tenn. Crim. App. 1997). The prejudice requirement, however, is different in that it focuses on whether counsel's ineffective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. at 58, 106 S. Ct. at 370. In other words, in order to satisfy the prejudice requirement, the appellant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Id.; *see also* Walton v. State, 966 S.W.2d at 55. Accordingly, the focus is not only upon the actual "error" committed by counsel, but whether had counsel acted competently (1) would counsel have changed his recommendation as to the plea, or (2) would the competent performance have been likely to change the outcome of a trial. *See* Hill v. Lockhart, 474 U.S. at 59, 106 S. Ct. at 370-371.

In the present case, the appellant first contends that his plea was not voluntary because his trial counsel coerced him into pleading guilty. After review, the post-conviction court found the appellant's plea to be voluntary and explained its reasoning as follows:

> Petitioner first states that the conviction was based on an unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature or consequences of the plea. Mr. Naifeh [appellant's trial counsel] and District Attorney, Phil Bivens, met with Mr. Gooch on Friday before his guilty plea was entered the following Monday. The proof is unrebutted that they discussed all phases of the case including the State's proof and possible ranges of punishment for second degree murder and manslaughter. On the following Monday, the Petitioner entered a plea indicating that it was in his best interest to enter such a plea. The Petitioner was advised of all his constitutional rights. Range of punishment was explained. Petitioner indicated that he was completely satisfied with his attorney and that his attorney had answered all questions that he had about the case and his plea. Mr.

Gooch also testified that Mr. Naifeh had carried out all of the investigation of this case and made necessary preparations. He was satisfied with the manner in which Mr. Naifeh had represented him. The guilty plea was entered two (2) days prior to trial. It is clear that Mr. Gooch had considered the possibility of being convicted of second degree murder or voluntary manslaughter in a higher range and with a much longer sentence than the plea agreement would require. The Court finds the plea to be made knowingly and understandably (sic) and given voluntarily.

The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill, 474 U.S. at 56, 106 S. Ct. at 369 (citing North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). We find this test was met in this case.

The record indicates that the trial court questioned the appellant extensively as to whether his plea was made with knowledge and understanding. When asked if he was satisfied with his counsel's performance, the appellant replied that he was satisfied and had seen all the information that he wanted to see. Although the appellant now argues that he was "halfway crazy" because he was on medication at the time he made the plea, the record indicates that he told the trial court the only medication he was on at the time of the plea was blood-pressure medicine which had no effect on his ability to understand or comprehend the proceedings. The appellant further argues that the theory of self-defense was never explained to him. Once again, however, the record does not support this contention. Trial counsel testified that he explained the self-defense theory on numerous occasions but the appellant refused to accept this defense because he denied murdering his brother. Finally, the appellant argues that his plea was not knowingly made because trial counsel informed him that he could get 50 to 60 years at 85% if he did not plea. However, both trial counsel and the district attorney's office met with the appellant two days before he entered his plea and explained the State's proof and the possible ranges of sentences. Likewise, trial counsel testified that he went over the possible ranges with the appellant before he pled guilty. Most importantly, however, the trial court explained the possible sentencing ranges to the appellant who stated that he understood his options and chose to plead guilty.

We conclude that the record fully supports the findings of the post-conviction court that the appellant has not proven by clear and convincing evidence that his guilty pleas were involuntarily entered. Therefore, this issue is without merit.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show two things: (1) The lawyer's performance fell below an "objective standard of reasonableness," Strickland, 466 U.S. at 687-688, 104 S. Ct. at 2064-65; Baxter, 523 S.W.2d at 936; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland 466 U.S. at 694, 104 S. Ct. at 2068. In State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999), our supreme court held that "[c]ases that involve mixed questions of law and fact are subject to *de novo* review." (citing Harris v. State, 958 S.W.2d 799, 802 (Tenn.

Crim. App.), perm. to appeal denied, (Tenn. 1997)). Specifically, the supreme court determined that issues involving alleged deficient performance of counsel and possible prejudice to the defense are mixed questions of law and fact. *See* Burns, 6 S.W.3d at 461. Although we perform a *de novo* review of the issue, the appellant must still establish his allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-210(f)(1997).

The appellant argues that the post-conviction court erred in finding that he had effective assistance of counsel when he pled guilty to voluntary manslaughter. First, the appellant contends that his attorney was ineffective because he told the appellant his fingerprints were found on the baseball bat when no matching prints were, in fact, found. The appellant contends he would not have pled guilty had he known his fingerprints were not on the bat. However, the appellant himself introduced two witnesses at the post-conviction hearing who testified that they saw the appellant holding a bat after the incident occurred. Furthermore, the appellant's brother died from a stab wound. He was not beaten with a baseball bat. Therefore, no prejudice can be shown from trial counsel's error.

The appellant next contends that trial counsel was ineffective because he failed to interview some of the police officers involved, Gregory Hayes, and Jackie Hollister. Trial counsel, however, testified that he did interview one officer. He also testified that he interviewed Hollister twice and made several unsuccessful attempts to contact Hayes. Furthermore, trial counsel testified that he viewed all of the evidence collected by the officers and reviewed all statements made by witnesses. Additionally, trial counsel testified that the testimony of Hayes would be of little importance since he was not in the trailer when the actual stabbing took place and could offer no explanation of what actually happened in the trailer.

The appellant also argues that trial counsel was ineffective because he refused to speak with the medical examiner who performed the autopsy. The appellant contends that it would have been difficult for him to stab the victim under the victim's left armpit because he is left-handed. Trial counsel, however, testified that he did not see any need to subpoena the medical examiner because she would simply testify that the victim died as a result of a stab wound.

The appellant next asserts that trial counsel was ineffective because he failed to file a motion to suppress the appellant's statements to police. The appellant contends that he requested that an attorney be present before he signed the statement, but was refused his request by the sheriff. The appellant further asserts that trial counsel should have made a motion to suppress the appellant's statements to police because he had a knot on his head from the baseball bat at the time he made the statements. The proof at the post-conviction hearing, however, was that the appellant was read his rights, agreed to make the statements, and did not request an attorney. Furthermore, trial counsel testified that he reviewed the medical records which indicated that the appellant had some blood in his ear, but was not suffering from any head trauma. Consequently, trial counsel felt there was no basis for suppressing the statements.

The appellant further contends that he received ineffective assistance of counsel because trial counsel failed to pursue a theory of self-defense. Trial counsel, however, testified that he had discussed the self-defense theory with the appellant on more than one occasion and felt that "he had a pretty good case for self-defense," but the appellant would not allow him to pursue that theory because he "did not have anything to do with the stabbing, that someone else killed Randy." The State also agreed that the appellant consistently denied he stabbed the victim.

Finally, the appellant asserts that he was denied effective assistance of counsel when his trial counsel coerced him into speaking with the district attorney a few days before he entered his plea of guilty. However, the record clearly reveals that this discussion was made pursuant to the appellant's request and against the advice of trial counsel.

We conclude that the appellant has failed to establish, by clear and convincing evidence, that he was denied effective assistance of counsel. The transcript of the guilty plea hearing reveals that the trial court thoroughly advised the appellant that he was waiving his rights to appeal by pleading guilty. Additionally, the trial court provided the appellant relevant sentencing information. Moreover, the appellant testified that he was satisfied with his counsel's performance and agreed that the guilty plea was in his "best interest." Thus, the record supports the post-conviction court's conclusion that the appellant received competent and effective assistance of counsel when he entered his plea. Therefore, this issue is without merit.

## CONCLUSION

After a thorough review of the record, we find the appellant has failed to establish that he received ineffective assistance of counsel. Furthermore, we find that the appellant's guilty plea was entered into voluntarily and knowingly, with full awareness of his constitutional rights. Therefore, the judgment of the Lake County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE