IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2001

## CURTIS MAJORS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-2422    J. Randall Wyatt, Jr., Judge**

---

**No. M1999-02138-CCA-R3-PC  - Filed May 25, 2001**

---

The Petitioner was indicted for three counts of aggravated robbery and convicted by a Davidson County jury of one count of aggravated robbery and two counts of aggravated assault. The trial court sentenced him as a Range II, multiple offender to an effective sentence of seventeen years, and on direct appeal, this Court modified his sentence to an effective sentence of fifteen years. The Tennessee Supreme Court denied permission to appeal. The Petitioner subsequently filed a petition for post-conviction relief, arguing that he received ineffective assistance of counsel at trial because his attorneys failed to challenge two of his indictments prior to trial. Following a hearing, the trial court denied post-conviction relief, and the Petitioner now appeals the trial court's denial of relief. We hold that the Petitioner received effective assistance of counsel at trial and therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. DAVID H. WELLES, J., not participating.

Michael A. Colavecchio, Nashville, Tennessee, for the Appellant, Curtis Majors.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Philip H. Wehby, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner, Curtis Majors, was indicted for three counts of aggravated robbery and convicted by a Davidson County jury of one count of aggravated robbery and two counts of aggravated assault. The trial court sentenced him as a Range II, multiple offender to seventeen years incarceration for the aggravated robbery conviction and to nine years for each aggravated assault

conviction, to be served concurrently. On direct appeal, this Court affirmed the Petitioner's convictions, but modified his sentence to an effective sentence of fifteen years. See State v. Curtis Lee Majors, No. 01C01-9602-CR-00076, 1997 WL 424436, at *1 (Tenn. Crim. App., Nashville, July 30, 1997). The Tennessee Supreme Court denied permission to appeal in 1998. See id.

In April 1999, the Petitioner filed a pro se petition for post-conviction relief. In June 1999, the Petitioner filed an amended petition for post-conviction relief following appointment of counsel. On November 17, 1999, the post-conviction court conducted a hearing on the petition, and on November 29, 1999, the court entered a written order denying post-conviction relief. The Petitioner now appeals the post-conviction court's denial of relief. He contends that he received ineffective assistance of counsel at trial. Specifically, he complains that his attorneys failed to challenge two of his indictments before trial. Having reviewed the record, we conclude that the Petitioner received effective assistance of counsel at trial and thus affirm the trial court's denial of post-conviction relief.

The charges in this case stem from the 1994 robbery of a Mrs. Winner's restaurant in Nashville. Assistant Public Defenders Stephen Young and Robb Robinson[1] represented the Petitioner at trial. At the hearing on the petition for post-conviction relief, Young testified that he had practiced law since 1994. He recalled that he was appointed to the Petitioner's case shortly before trial and stated that he obtained the assistance of Robinson, an experienced criminal defense attorney, to help him prepare for the Petitioner's trial.

Young testified that he did not handle the Petitioner's preliminary hearing. However, he stated that he was involved in some settlement negotiations. He recalled that the Petitioner was offered nine years at thirty percent as a Range I offender, and he also recalled that the settlement negotiations were not "too lengthy." He testified that the Petitioner, as a Range II offender, faced twelve to twenty years on each count, and he therefore believed the State's offer to be "fair." Young stated that he communicated the State's offer to the Petitioner, but the Petitioner rejected the offer. He testified that he was satisfied that the Petitioner understood the consequences of rejecting the plea agreement offer and proceeding to trial.

Young stated that the defense filed several pre-trial motions. He testified that in preparation for trial, he listened to the preliminary hearing tape, discussed the facts of the case with the Petitioner, and visited the scene of the crime with an investigator, where they took photographs and spoke with employees of the restaurant. Young stated that he also spoke with the Petitioner's girlfriend and her daughter, who was employed at the restaurant where the robbery occurred. He maintained that he reviewed the State's evidence in full, and he characterized the State's case against the Petitioner as "strong." He explained that "[t]he biggest hurdle was the eyewitness testimony" because all three witnesses to the crime, who identified the Petitioner as the perpetrator at trial, had worked with the Petitioner at Mrs. Winner's. Each of the witnesses stated that he or she saw the

---

[1] We note that although Robinson is referred to in the transcript of the post-conviction hearing as "Robb Robinson," he is referred to in the post-conviction court's written order as "Rob Robinson."

Petitioner enter the restroom at the restaurant, exit the restroom shortly thereafter wearing the same clothes and some type of covering over his face, and then commit the crimes.

Young further testified that he communicated frequently with the Petitioner regarding preparation for trial. He stated that he arranged to have the Petitioner transferred to a Davidson County correctional facility so that they could better communicate prior to trial. He testified that he and the Petitioner reviewed the range of punishment and discussed trial strategy. Young stated that the defense attempted to show at trial that the restaurant manager "had a vendetta against [the Petitioner] because of a falling out that the two of them had had over some missing money." In addition, the defense tried to show that the clothing worn by the robber was not the same clothing worn by the Petitioner when he left his apartment on the day of the crime.

Young testified that the defense successfully argued at the close of the State's proof that the evidence, if accepted as true, established only one aggravated robbery, thereby eliminating two of the aggravated robbery charges, which were reduced to aggravated assault charges. He testified that he could not recall why the defense did not challenge the indictments prior to trial, but stated, "I know, obviously, we thought of that before trial, to be able to raise that as an issue at the Judgment of Acquittal."

Young stated that although the defense called two witnesses at trial, the Petitioner did not testify on his own behalf. Young testified that the Petitioner had an extensive prior criminal record, and he therefore advised the Petitioner not to testify. He stated, "I didn't feel, also, that the Petitioner would be a very compelling witness. And I didn't sense from him that he wanted to be a witness." Young recalled that the Petitioner agreed that he should not testify. Finally, Young maintained that the Petitioner never expressed any dissatisfaction with his representation.

Robb Robinson testified that he had practiced criminal law since 1984 and had conducted several jury trials prior to his representation of the Petitioner. He stated that Stephen Young enlisted his assistance with the Petitioner's case some time after Young was appointed to the case. He stated that when he became involved with the case, he reviewed the Petitioner's file.

Robinson verified that the defense did not raise the issue that two of the indictments for aggravated robbery were improper until they filed a motion for judgment of acquittal. When asked why the defense did not raise the issue earlier, he stated,

> This is only my guess, because I don't recall exactly. I think that the thought process was that we wanted to hear what the testimony was prior to making the [m]otion, because there was a possibility that some of the witnesses might say that they personally were robbed, as opposed to just the store. And that was our fear.

Robinson stated that he believed the reduction of the aggravated robberies to aggravated assaults in front of the jury was beneficial to the Petitioner's case.

With regard to the plea offer made by the State, Robinson testified that he could not recall whether the offer involved more than one count of aggravated robbery. He stated, "Under the facts, as we saw them, it was probably a reasonable offer." Although he could not specifically recall counsel's advice to the Petitioner concerning the plea agreement offer, he testified that he believed the defense "would have recommended that [the Petitioner] seriously consider" the offer. According to Robinson, however, the Petitioner decided to proceed to trial with a full understanding of the consequences of his decision. Robinson also recalled that the Petitioner told his attorneys that he did not wish to testify at trial. In addition, Robinson stated that the Petitioner never indicated that he was dissatisfied with his representation.

Next, the Petitioner testified at the post-conviction hearing. He stated that Assistant Public Defender David Baker represented him at his preliminary hearing approximately a year before trial. He testified that after the hearing, he discussed with Baker the possibility of eliminating two counts of aggravated robbery from the charges against him, but the issue not raised until trial. He maintained that although he had questioned Baker about the indictments, no one ever explained to him why two of the aggravated robbery charges were not challenged prior to trial.

The Petitioner also claimed that if the State had offered him nine years as a Range I offender for one charge of aggravated robbery, rather than for three charges, he would have accepted the offer. He explained that he thought the State's offer required him to serve nine years consecutively for each of the three counts, resulting in an effective 27-year sentence. Nevertheless, the Petitioner insisted that he was innocent of all charges in this case. He made no further complaint about his representation.

On cross-examination, the State introduced a letter that the Petitioner had written to a trial judge after being convicted and sentenced in this case. In the letter, the Petitioner requested a lighter sentence and asked the judge to allow him to enroll in a drug-treatment program rather than going to prison. The Petitioner admitted that nowhere in the letter did he proclaim his innocence as to the crimes in this case.

Following the Petitioner's testimony, the State recalled Robinson to the stand. Robinson testified that the defense understood the State's offer to be a total effective sentence of nine years at thirty percent, not an effective sentence of 27 years, as the Petitioner contended. He stated that the defense informed the Petitioner, however, that if he accepted the State's offer, his nine-year sentence would run consecutively to a sentence he was serving for an unrelated offense. Robinson maintained that at no time did the Petitioner indicate to his attorneys that he would accept a plea offer for one count of aggravated robbery. Robinson stated, "What I remember was [at] the time, that [the Petitioner] just did not want the nine-year sentence." Robinson recalled that the Petitioner wished to proceed to trial because he maintained his innocence.

The Petitioner now contends that he should be granted post-conviction relief because he received ineffective assistance of counsel at trial. In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the

abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Jahiel Fields v. State, No. E1999-00915-SC-R11-PC, 2001 WL 166380, at * 4 (Tenn., Feb. 20, 2001) (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). A post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at *5.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461.

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

> Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

In its written order denying post-conviction relief, the post-conviction court made the following findings:

Having reviewed the testimony presented at the hearing and accompanying exhibits as well as the pleadings and arguments of counsel, the Court is of the opinion that, Stephen Young and Rob Robinson are competent criminal defense attorneys who performed well within the range of competence demanded of criminal defense attorneys. The Court is satisfied that the defense conducted a competent pre-trial investigation, reviewed the State's discovery response and was otherwise prepared for trial. The defense also reviewed the discovery with the petitioner and conveyed the plea offer from the State, which he refused. Furthermore, petitioner at the time did not express any dissatisfaction to counsel regarding their handling of the case.

As to the claim by petitioner that the jury was prejudiced by the fact that he was charged with two aggravated robberies, which were reduced at trial on the defense's motion, the Court does not believe that a pre-trial reduction would have led to a different result at trial, or prior to trial. For one, the fact that the judgment of acquittal was granted and the two charges were reduced during trial was apparent to the jury and may have aided his defense. Further, the possible decision to wait to hear the testimony of the witnesses prior to making the motion can be characterized as a tactical decision. Additionally, the petitioner has always, and still maintains his innocence. In short, the Court finds no credible evidence to support the petitioner's assertion of deficient representation and, obviously, no resulting prejudice to the outcome of the trial. The Court is similarly unconvinced that by not pursuing a reduction of the two aggravated robberies prior to trial, defense counsel fatally altered petitioner's decision whether or not to accept the State's plea offer. In reaching its conclusions, the Court accredits the testimony of Stephen Young and Rob Robinson.

We conclude that the evidence presented in this case does not preponderate against the post-conviction court's findings. As the trial court noted, it appears that trial counsel's decision to challenge two of the indictments in this case for the first time in a motion for judgment of acquittal was a tactical decision, which we may not second-guess on appeal. See Williams, 599 S.W.2d at 279-80; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). However, we need not decide whether counsel's performance was deficient because the Petitioner has failed to show prejudice resulting from any such deficiency. See Henley, 960 S.W.2d at 580 (stating that "a court need not address the components [of the test for ineffective assistance of counsel] in any particular order or even address both if the [petitioner] makes an insufficient showing of one component"). Even assuming that trial counsel were ineffective in their representation of the Petitioner, we are unconvinced that the result of the trial would have been different had trial counsel challenged the indictments before trial. We are also unconvinced that a dismissal or reduction of two of the charges against the Petitioner would

have resulted in the Petitioner's acceptance of a plea agreement. The trial court dismissed two of the charges in the presence of the jury. Furthermore, although the Petitioner claims that he would have accepted a nine-year offer from the State for one charge of aggravated robbery, he insisted that he is innocent of all charges in this case, and one of his attorneys recalled that the Petitioner would not consider any offers from the State because he claimed to be innocent. The post-conviction court accredited the testimony of trial counsel in this regard, and we conclude that the evidence does not preponderate against its findings.

We therefore conclude that the Petitioner received reasonably effective assistance of counsel at trial and accordingly AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE