IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2002

## TRAVIS JONES, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-C-1774     J. Randall Wyatt, Jr., Judge**

---

**No. M2001-01852-CCA-R3-PC - Filed July 12, 2002**

---

The Appellant, Travis Jones, Jr., appeals from the dismissal of his petition for post-conviction relief. On March 22, 2000, Jones, pursuant to a negotiated plea agreement, entered "best interest" pleas to two counts of second degree murder.[1]  As provided by the plea agreement, Jones was sentenced by the Davidson County Criminal Court to consecutive fifteen-year terms for each conviction.  On appeal, Jones challenges the post-conviction court's dismissal of his petition, arguing that he was "forced" into pleading guilty due to trial counsel's inadequate pre-trial preparation.  Finding no error, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

F. Michie Gibson, Jr., Nashville, Tennessee, for the Appellant, Travis Jones, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Victor S. Torry Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The following facts were stipulated at the Appellant's guilty plea hearing, resulting in his two second degree murder convictions:

---

[1]The Appellant was indicted on two counts of first degree murder.

During the early morning hours [of] Saturday, May 22, 1999, [the co-defendant] and [the Appellant] went to Lavergne, Tennessee, to a gun store located there and purchased three handguns. They were all three handguns. The suspects had planned to purchase the weapons to kill [the co-defendant's] estranged wife, Sonya Messick, and [the Appellant's] girlfriend, Tara Dickerson, at their respective residences.

After purchasing these guns, [the co-defendant] and [the Appellant] went to the residence of Sonya Messick located in Creekstone Apartments here in Davidson County. They both kicked the door in and while [the Appellant] looked on, [the co-defendant] shot his wife. She died there at the scene and was found later by some neighbors and the police were called.

They left Ms. Messick's apartment and went to Tara Dickerson's apartment, which was located on Green Circle here in Davidson County. [The Appellant] went into the apartment while [the co-defendant] sat outside in the car. [The Appellant] had a handgun in the apartment and a dispute took place between he and Ms. Dickerson. The daughter of Ms. Dickerson was upstairs and observed the gun. She called the police.

Goodlettsville police detective, Glenn Hicks, responded to the call. He came to the apartment and noticed [the co-defendant] who was sitting inside of the car waiting on [the Appellant]. [The co-defendant] had a gun between his legs as he was seated in the car. As Detective Hicks looked into the car, [the co-defendant] shot him once in the head, and Detective Hicks later died at Vanderbilt Hospital of his injuries. When [the Appellant] heard the gunshot he ran outside. [The co-defendant] drove away and then later stopped the car and picked up [the Appellant] and they fled the scene.

At the post-conviction hearing, the Appellant testified, contrary to his sworn testimony at the guilty plea hearing, that he had no involvement in the two murders. The proof established at the hearing that had the Appellant proceeded to trial, the co-defendant would have testified for the State and would have corroborated the facts as stipulated at the Appellant's guilty plea submission hearing. Moreover, at the post-conviction hearing, the Appellant acknowledged that he accompanied the co-defendant to the gun store when the three guns were purchased, that he contributed money for the purchase of the handguns, that he was present at the Creekstone Apartments with the co-defendant when Sonya Messick was murdered, that he kicked her apartment door, although he did not kick it open, and that he was inside his girlfriend's apartment engaged in an argument when the co-defendant shot and killed the police detective. Nonetheless, the Appellant testified that he "got a raw deal" and his trial counsel did nothing to help him.

**ANALYSIS**

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. *Davis v. State*, 912 S.W.2d 689, 697 (Tenn. 1995). Furthermore, once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).

In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the United States Supreme Court addressed the issue of alleged involuntary guilty pleas resulting from erroneous or negligent advice by trial counsel. The result reached was a formulation of a merger of the *Strickland* test for ineffective assistance of counsel and the traditional requirements for a valid guilty plea. The *Strickland* test provides that, in order to prevail on a claim of ineffective assistance of counsel, the defendant must establish that: (1) the services rendered by counsel were deficient; and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993). As applied to guilty pleas, the first prong above, that the services rendered were deficient, remains the same. *See Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *Walton v. State*, 966 S.W.2d 54, 54-55 (Tenn. Crim. App. 1997). The prejudice requirement, however, is different in that it focuses on whether counsel's ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 58, 106 S. Ct. at 370. In other words, in order to satisfy the prejudice requirement, the Appellant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.*; *See also Walton*, 966 S.W.2d at 55. Accordingly, the focus is not only upon the actual "error" committed by counsel, but whether if counsel had acted competently: (1) would counsel have changed his recommendation as to the plea; or (2) would the competent performance have been likely to change the outcome of a trial. *See Hill* 474 U.S. at 59, 106 S. Ct. at 370-371.

With regard to the Appellant's ineffective assistance of trial counsel claims, the following findings of fact were entered by the post-conviction court:

> The Court is of the opinion that [trial counsel] is an experienced, competent, and well respected criminal defense attorney whose representation of petitioner was well within the range of competence demanded of criminal defense attorneys. It is evident to the Court from testimony at the hearing that [trial counsel] performed conscientiously in his representation of the petitioner, and that the decision to plead guilty was that of the petitioner. [Trial counsel] testified that he explained the law to the petitioner and the theory under which the petitioner was being prosecuted. [Trial

counsel] testified that the petitioner understood the law and the theory of criminal responsibility and that he was fully informed about his case . . . the Court is of the opinion that the petitioner was sufficiently advised of his constitutional rights . . . and that his plea was knowingly, voluntarily, and intelligently entered.

The Appellant argues that the post-conviction court erred by finding that he had effective assistance of counsel when he pled guilty to two counts of second degree murder. First, the Appellant contends that his attorney was ineffective because he failed to conduct "a reasonable and adequate pretrial investigation." Specifically, the Appellant contends that trial counsel: (1) should have demanded the State provide the receipts that showed it was the co-defendant who purchased the gun; and (2) should have demanded the State produce fingerprint or footprint evidence showing the Appellant did *not* enter the victim's residence when she was murdered. At the post-conviction hearing, trial counsel testified that he had located a witness who would testify that it was the co-defendant who actually purchased the murder weapon. Trial counsel felt no need to further pursue additional evidence on this issue since the receipts would only duplicate witness testimony. With regard to the second assertion above, trial counsel explained that he did, in fact, file a motion to obtain evidence but that no footprints or fingerprints were retrieved placing the Appellant at the scene. As trial counsel correctly noted, "you can't get evidence that does not exist." The Appellant has failed to show, by clear and convincing evidence, how he was prejudiced by either trial counsel's failure to request receipts or by trial counsel's failure to obtain physical evidence that was not in existence. These issues are without merit.

The Appellant next contends that trial counsel was ineffective for failing to file a motion to suppress his statement to police. At the post-conviction hearing, trial counsel explained that he and the Appellant discussed the possibility of suppressing his statement but later agreed that the Appellant should take the stand at trial to tell his side of the story. Because the statement made to police was not incriminating and would substantially match his proposed testimony at trial, trial counsel decided against filing a motion to suppress the statement. Such decision on the part of trial counsel was strategic in nature and, thus, is entitled to deference by this court. *Strickland*, 466 U.S. 694. Again, the Appellant has failed to show how trial counsel's failure to file a motion to suppress his statement was prejudicial. This issue is also without merit.

The Appellant next contends that trial counsel was ineffective for failing to inform him that his co-defendant's uncorroborated statement could not be used against him at trial. At the post-conviction hearing, trial counsel testified that he did inform the Appellant that he could not be convicted on the basis of the uncorroborated statements of his co-defendant. Trial counsel further testified, however, that the State had ample evidence to corroborate the co-defendant's statements and that there was a possibility those statements might have been used if the Appellant had gone to trial. The post-conviction court chose to accredit trial counsel's account of what took place and we find nothing in the record which contradicts the post-conviction court's finding. This issue is also without merit.

The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56, 106 S. Ct. at 369 (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). We find the test was met in this case.

## CONCLUSION

Based upon the foregoing, we find that the Appellant received effective assistance of counsel at his guilty plea hearing and that his guilty plea was knowingly, voluntarily, and intelligently made. Accordingly, the judgment of the post-conviction court is affirmed.

 

_____
DAVID G. HAYES, JUDGE