**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE 1997 SESSION**

**FILED**

**July 2, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **KEVIN D. ROBERTSON,** | ) | **NO. 02C01-9608-CR-00259** |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **Hon. Bernie Weinman, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

**FOR THE APPELLANT:**

**A.C. WHARTON, JR.**
District Public Defender

**DIANE THACKERY (hearing)**
**WALKER GWINN (appeal)**
Assistant District Public Defenders
Shelby County Public Defender's Office
201 Poplar Avenue, Suite 201
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOHN W. PIEROTTI**
District Attorney General

**REGINALD HENDERSON**
Assistant District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Kevin D. Robertson, appeals an order of the Shelby County Criminal Court dismissing his petition for post-conviction relief. Petitioner is presently serving concurrent 50-year sentences after he pled guilty to two (2) counts of second degree murder. In his petition, he alleges that trial counsel did not adequately prepare for trial and misrepresented certain facts in order to coerce him into pleading guilty; therefore, he claims that counsel was ineffective. After a hearing, the trial court denied post-conviction relief. We AFFIRM the judgment of the trial court.

**I**

The record indicates that petitioner was indicted on two counts of murder in the first degree in connection with a shooting that occurred in January 1993. The state was seeking the death penalty in the matter. Attorney Jeffrey Jones was retained to represent petitioner at trial.

On the day that petitioner's trial was to begin, the state and Jones attempted to negotiate a plea. At the post-conviction hearing, petitioner testified that when Jones related the offer to him, he asked Jones to confer with his mother about the plea offer. Jones told him that his mother thought that he should take the plea offer. Acting on this representation, petitioner pled guilty to second degree murder.

Petitioner also testified that he felt that Jones was unprepared for trial. He claimed that Jones and his investigator only met with him three (3) or four (4) times during his 15 months of incarceration after he was arrested. He did not think that Jones had contacted any witnesses in preparation for the trial. He further alleged that Jones had not discussed any defense to the pending charges.

Petitioner's mother also testified at the hearing. Ms. Robertson stated that she told Jones that petitioner should not take the offer of 50 years.

Jones testified that he and his investigator had done extensive preparation

for the trial. Subpoenas for several witnesses had been issued, and they met with petitioner on at least twenty (20) occasions. Furthermore, he filed a motion to suppress the statement that petitioner had given to the police.

Jones stated that petitioner did not want to go to trial on the charges. When the state made its offer, petitioner wanted to take the offer. He asked Jones to "run this by his mother and see what she thought." Ms. Robertson did not like the offer, but told Jones that if "that's what he wants to do tell him to go ahead, then I'm not going to say no." Jones told petitioner what his mother said. Petitioner accepted the plea agreement.

During the guilty plea hearing, the trial court confirmed that petitioner was aware of his constitutional rights and was knowingly and voluntarily pleading guilty. The court also questioned petitioner on his satisfaction with his lawyer's advice and services. Petitioner indicated to the court that he understood the implications of the guilty plea. There was no indication that petitioner was dissatisfied with his attorney.

After the post-conviction hearing, the court denied relief, finding that petitioner "freely and voluntarily" entered his guilty plea. The trial court further found that trial counsel's advice and services were within the range of competence demanded of an attorney in a criminal case.

II

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1994). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996).

3

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975) and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 899.

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. At 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice prong by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

III

In the present case, we find that petitioner has not met his burden. The trial court found that petitioner's guilty pleas were knowingly and voluntarily entered. The court further found that Jones was adequately prepared and met the standards set forth in Baxter v. Rose. Implicit in this finding is that the trial court found Jones' testimony to be credible. The evidence does not preponderate against these findings.

4

The judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**



**CONCUR:**




_____
**PAUL G. SUMMERS, JUDGE**




_____
**DAVID H. WELLES, JUDGE**